IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MELANIE EDWARDS                                                              PLAINTIFF

vs.                                    Civil No. 6:17-cv-06092

NANCY A. BERRYHILL                                                          DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Melanie Edwards ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on January 26, 2015. (Tr. 104). In these applications, Plaintiff alleges she was disabled due to degenerative disc disease, fibromyalgia, spine and back problems, rheumatoid arthritis, metabolic issues, anxiety, panic attacks, and "gi issues." (Tr. 401). Plaintiff alleges an onset date of May 1, 2009. (Tr. 104). These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

initially and again upon reconsideration. (Tr. 247-290).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 213-246, 318). Plaintiff's administrative hearing was held on May 26, 2016 in Hot Springs, Arkansas. (Tr. 213-246). At this hearing, Plaintiff was present and was represented by counsel, Stephanie Spanhel. *Id.* Plaintiff and Vocational Expert ("VE") Diane Smith testified at this hearing. *Id.*

Thereafter, on August 19, 2016, the ALJ entered a fully unfavorable decision on Plaintiff's disability applications. (Tr. 101-121). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 20, 2011. (Tr. 106, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 1, 2009, her alleged onset date. (Tr. 106, Finding 2). The ALJ determined Plaintiff had the following severe impairments:

> The claimant has the following severe impairments: lumbar spondylosis/osteoarthritis, recurrent abdominal conditions including ulcerative esophagitis, gastritis, dysphagia, and metabolic acidosis, fibromyalgia, bilateral hand numbness/tingling with weakness, migraine headaches, major depressive disorder, generalized anxiety disorder, panic disorder, and post traumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c)).

(Tr. 106-107, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 107-108, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 108-119, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR

> 404.1567(a) and 416.967(a) except she can only occasionally reach overhead. She can occasionally handle, finger, and feel bilaterally.
>
> In addition, she can over climb ladders, ropes or scaffolds and can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The work must not expose the claimant to unprotected heights or moving mechanical parts. The claimant may use a cane to ambulate. Additionally, the work must be limited to semi-skilled work, defined as work where interpersonal contact is routine but superficial, the complexity of tasks is learned by experience, involves several variables, uses judgment within limits, and the supervision required is little for routine but detained for non-routine tasks.

*Id.*

The ALJ determined Plaintiff was thirty-four (34) years old on her alleged disability onset date. (Tr. 119, Finding 7). Such an individual is characterized as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008). *Id.* The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 119, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she was unable to perform any of her PRW. (Tr. 119, Finding 6). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 120-121, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform the following sedentary, semi-skilled occupation: information clerk with an estimated 140,000 such jobs nationally. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 1, 2009 through the date of his decision or through August 24, 2016. (Tr. 121, Finding 11).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr. 1-3). The Appeals Council denied that request. *Id.* On September 11, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court

on September 12, 2017.  ECF No. 7.  Both Parties have filed appeal briefs.  ECF Nos. 16-17.  This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See*

4

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 16 at 1-19. Specifically, Plaintiff claims the following: (1) the ALJ erred in assessing the Listings; (2) the ALJ erred in assessing her fibromyalgia; and (3) the ALJ erred in assessing her RFC. *Id.* Upon review, the Court finds the ALJ did not properly assess Plaintiff's RFC because he did not supply a sufficient basis for discounting her subjective complaints. Thus, the Court will only consider Plaintiff's third argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20

5

C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v.*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based his credibility determination upon his finding that Plaintiff's subjective complaints were not supported by her medical records. (Tr. 109-119). The ALJ summarized Plaintiff's medical records but discounted her subjective complaints because they were not supported by the objective medical evidence:

> The undersigned finds that the residual functional capacity as set out above is appropriate in light of the *objective medical evidence and the claimant's treatment history as a whole*. The undersigned finds the mental opinions are consistent with the evidence as a whole with regard to the overall nature and severity of symptoms and associated impairments. As a result, the undersigned has accorded these opinions significant evidentiary weigh with regard to the issue of disability.

(Tr. 118) (emphasis added). Such a finding was improper. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of June 2018.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE